UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SEDRICK L. ROBINSON, )<br>  )<br>Plaintiff, )<br>  )<br>v. )<br>  )<br>ALLEN COUNTY JAIL, *et al.*, )<br>  )<br>Defendants. ) | CAUSE NO.: 1:13-CV-341-TLS |

**OPINION AND ORDER**

Sedrick L. Robinson, a prisoner proceeding pro se, filed an amended complaint under 42 U.S.C. § 1983 [ECF No. 4]. Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602–03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. "Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice."*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Nevertheless, the court must bear in mind that a pro se complaint is entitled to liberal construction, "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Robinson alleges that he was attacked by three other inmates at the Allen County Jail. Specifically, he alleges that an inmate named Augustine Luna "pick[ed] a fight" with him when he was trying to go to recreation time. (Compl. at 3.) Although the complaint is not a model of clarity, it can be discerned that during this fight, two other inmates joined in on Luna's behalf. As a result of the fight Robinson suffered a broken nose, broken ribs, and other injuries. The Court notes that this is Robinson's second attempt to plead his claims. His original complaint was stricken due to numerous deficiencies, and he was given guidance on how to properly plead a claim against a viable defendant under federal pleading standards. As in his original complaint, he again names the jail as a defendant, despite instructions from the court that this was not a viable defendant. (Order, ECF No. 3.) He also names as defendants the three inmates who beat him. (Compl. at 2.)

Upon review, Robinson has failed to allege a plausible claim for relief. As he was previously told, the jail is a building, not a person or even a policy-making body that can be sued for constitutional violations. *Dye v. Wargo*, 253 F.3d 296, 299 (7th Cir. 2001) (observing that "[Section] 1983 applies only to a 'person' who acts under color of state law."). Furthermore, he cannot sue the three private individuals who beat him under 42 U.S.C. § 1983, because the Constitution only protects against actions by defendants who are acting under color of state law. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822–23 (7th Cir. 2009); *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Robinson mentions a jail guard, Officer Jesse Al Tuttle, in the narrative section of his complaint (Compl. at 4), although he does not list him as a defendant. Even if Robinson were attempting to state a claim against Officer Tuttle, he has not

alleged a plausible claim that this officer failed to protect him in violation of his Constitutional rights.[1]

Correctional employees have a constitutional duty to protect inmates "from violence at the hand of other inmates." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). However, as the United States Court of Appeals for the Seventh Circuit has observed: "[P]risons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Id.* Therefore, a failure to protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, a prison official will be held liable for failing to protect an inmate only if his deliberate indifference to the prisoner's welfare "effectively condones the attack by allowing it to happen." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). To state a claim, the plaintiff must "allege facts sufficient to show that the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Id.* Negligent or even grossly negligent behavior by the defendant does not suffice. *Grieveson*, 538 F.3d at 777.

Here, Robinson asserts in general terms that Officer Tuttle should have been working on the block when this incident occurred, but was not there. He does not allege, nor is there any plausible basis for inferring, that Officer Tuttle had advance notice that Robinson was likely to be attacked and purposely turned a blind eye to that risk. Indeed, Robinson himself appears to have been surprised by the attack. This type of unseen attack by fellow inmates, while

---

[1] Although Robinson is housed at the jail rather than an Indiana Department of Correction facility, his complaint makes clear that this incident occurred after he was duly convicted and serving a sentence. (Compl. at 1.) Thus, the Eighth Amendment rather than Fourteen Amendment would apply, although the governing standards are functionally equivalent. *See Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003).

unfortunate, does not form the basis for a constitutional claim. *See Grieveson*, 538 F.3d at 776 (observing that "[a]s sad as it may be," inmate who was beaten for taking too long in the bathroom was simply a "victim of the inherent, as it were the baseline, dangerousness of prison life."). At most, Robinson may have alleged that Officer Tuttle was negligent in failing to be at his post, but this would not state a claim under the Constitution. *Id.* at 777.

Robinson also asserts in passing that because he was charged with a misdemeanor, he does not think he should have been housed with the other three inmates, who were being detained on federal charges. (Compl. at 3.) Although unclear, he may be trying to challenge the adequacy of the classification system at the jail. Even if he could identify a proper defendant in connection with such a claim, such as the Sheriff of Allen County, an official cannot be held liable for failure to protect based solely on an allegation that the classification system was inadequate. *Weiss v. Cooley*, 230 F.3d 1027, 1033 (7th Cir. 2000). Again, the standard is deliberate indifference and not negligence. Thus, to state a claim, the plaintiff must allege that the official failed to implement an adequate classification system "with the motive of allowing or helping prisoners to injure one another." *Id.* Robinson's allegation falls far short of meeting this standard. Indeed, the mere fact that the three other inmates were charged by a different governmental agency does not mean they had a different security classification than Robinson, or that anyone at the jail was aware these inmates were dangerous or otherwise posed a risk of harm to Robinson. For all that is revealed in the complaint, Robinson may have been convicted of a crime of violence (such as battery), and the other inmates charged with non-violent federal offenses. There is simply no basis in the complaint to infer that the jail lacked a proper

classification system, or that the lack of a proper system was motivated by an intent to permit prisoners to injure one another. *Id.*

Accordingly, while the events Robinson describes are unfortunate, he has not alleged a plausible federal claim. It does not appear that he specifically included any state law claims in his complaint, but to the extent he was trying to raise a claim for negligence, battery, or other state law tort, this opinion does not purport to adjudicate any such claim. The Court will dismiss any state law claims contained in the complaint without prejudice should Robinson wish to pursue them in state court. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.,* 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c)."). The court offers no opinion about the wisdom of pursuing this course or the merit of any potential claim he may have.

For these reasons, the federal claims contained in the Amended Complaint (ECF No. 4) are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A, and any state law claims contained in the Complaint are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c).

SO ORDERED on February 20, 2014.

       s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION